**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA for the use and
benefit of CORTEZ III SERVICE CORPORATION,
a New Mexico corporation,

        Plaintiff,

        vs.                           No. CIV 00-0133 JC/KBM

PMR CONSTRUCTION SERVICES, INC., a New Mexico
corporation, and CAPITOL INDEMNITY CORPORATION,
a Wisconsin corporation,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes on for consideration of Use Plaintiff Cortez III Service Corporation's ("Cortez'") Motion to Amend Complaint, filed July 25, 2000 *(Doc. 15)*.  The Court has considered the motion, the briefs submitted by the parties and the relevant authority.  The Court finds that the motion is well taken and will be granted.

I.      **Background**

Defendant PMR Construction Services, Inc. ("PMR"), entered into a contract with the Defense Special Weapons Agency ("DWSA") to provide labor, materials, equipment, tools and supervision for construction of experiments, testbeds, and facilities, and to maintain existing and future facilities and infrastructure at the White Sands Missile Range in New Mexico.  Pursuant to the contract and in accordance with the Miller Act, 40 U.S.C. § 270, PMR and co-Defendant Capitol Indemnity Corporation ("Capitol") provided bonds for the protection and payment of anyone

providing labor or materials for the project.  In October 1997, PMR contracted with Cortez wherein Cortez agreed to perform labor and supply materials.  In February 2000, Cortez brought suit for violations of the Miller Act and for breach of contract to recover money owed by Defendants.  In its original Complaint, Cortez specified damages in the amount of $675,720.15.  *See* Compl., filed Feb. 2, 2000 *(Doc. 1)*.  Presently, Plaintiff Cortez seeks to amend the complaint to reflect the addition of deferred costs, interest on overdue invoices and additional worker's compensation premiums. Defendants oppose the amendment.

## II.    Standard

The Federal Rules of Civil Procedure provide that a court should  freely grant leave to amend when justice so requires.  *See* FED. R. CIV. P. 15(a).  *See also Yapp v. Excel Corp.*, 186 F.3d 1222, 1230 (10th Cir. 1999).  The district court should deny leave to amend only when it finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U S West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993).  The decision to grant leave to allow amendment of pleadings will not be disturbed absent abuse of discretion.  *See Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir.1994).  An abuse of discretion may be found only when the district court has made an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir.1994) (quotation omitted).

## III.    Analysis

Leave to amend pleadings is to be freely given when justice so requires and should only be denied upon justification. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, possible

justifications for denying Plaintiff's Motion to Amend under Fed. R. Civ. P. 15(a) include

untimeliness and undue prejudice.[1]

### A.    Untimeliness

The Tenth Circuit has repeatedly stated that "[ u]ntimeliness alone may be a sufficient basis

for denial of leave to amend." *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182,

1185 (10th Cir. 1990).  An important factor in determining whether a motion to amend is untimely

is whether "the party seeking amendment knows or should have known of the facts upon which the

proposed amendment is based but fails to include them in the original Complaint."  *Id.* at 1185

(quoting *State Distributions v. Glenmore Distilleries Co.*, 738 F. 2d 405, 416 (10th Cir.1984)).

Here, although the additional damages relate to the same contract and series of transactions that form

the basis for the original complaint, the amounts are alleged to have been just recently assessed.  *See*

Pl.'s Mem. Br. in Supp. of Mot. to Am. Compl., filed July 25, 2000 *(Doc. 16)*.  Accordingly, the next

question is whether the time that elapsed between the discovery of the additional damages and

Plaintiff's filing of the motion to amend was excessive.

Neither party indicates the exact date or time frame in which the additional amount was

discovered, only that they were "recently assessed."  The original complaint was filed in

February 2000, while the motion to amend was filed in July 2000, a span of merely five months.  At

that time, approximately two months remained for discovery and no trial date had yet been set.

Presently, the parties face no set trial, however, an October settlement conference date is rapidly

---

[1] Defendants submit a response which details the time, money and effort expended in the lawsuit to date.  *See* Defs.' Resp. to Pl.'s Mot. to Am. the Compl., filed July 25, 2000 *(Doc. 17)*.  Defendants also point to the proposed brief period of discovery and impending settlement conference.  *See id.*  Accordingly, the Court will consider Fed. R. Civ. P. 15 and the applicable justifications for denial of a motion to amend despite Defendants' failure to specifically address the Rule.

approaching.  Although Defendants dispute the additional amounts, it is nevertheless clear that the motion to amend the complaint was filed on the basis of newly discovered damages.  Under these circumstances, it cannot be said that Plaintiff's Motion to Amend is so untimely and dilatory that denial of the Motion to Amend is justified on the grounds of undue delay.

    **B.**    **Undue Prejudice**

    Prejudice under FED. R. CIV. P. 15 means "undue difficulty in . . . [defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Schmitt v. Beverly Health and Rehabilitation Servs., Inc.*, 993 F. Supp. 1354, 1365 (D. Kan. 1998) (citations omitted).  The party opposing the amendment has the burden of showing prejudice.  *See id.*  The Tenth Circuit has held that denial of a motion to amend is justified as unduly prejudicial to the defendant in the following circumstances:  where a plaintiff raises a unique or rare claim immediately before trial; where a plaintiff raises a claim that could have been included in the original complaint; where the amended complaint requires different elements of proof; or where many key individuals would have to be deposed again.  *See, e.g., Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) (upholding denial of motion to amend where the plaintiff sought to add a new claim three weeks before trial, and the court concluded that plaintiffs claim was unique under the facts of the case and could prejudice the defendant); *DiCesare v. Stuart*, 12 F. 3d 973, 979 (10th Cir. 1993) (upholding denial of motion to amend where the plaintiff raised a claim that could have been included in the original complaint); *State Distributions, Inc. v. Glenmore Distilleries Co.*, 738 F. 2d 405, 417 ( 10th Cir. 1984) (upholding denial of motion to amend that required different elements of proof and that involved different questions of fact and law); *McKnight v. Kimberly Clark Corp.*, 199 F.3d 1125, 1130 (10th Cir. 1998) (upholding denial of motion to amend because many key individuals would

have to be deposed again).  None of these circumstances apply to this case.  The alleged additional damages arise out of the same transactions that form the basis for the original complaint, a trial date has not been set, and the underlying claims remain the same.  Neither party indicates whether discovery would be affected by the amendment, however, it is in the interest of judicial economy to address the additional damages in this lawsuit, rather than a subsequent suit between the same parties.

Furthermore, the Tenth Circuit has refused to find undue prejudice where the defendant was not surprised by the facts underlying the amendment.  *See Yaffe Iron & Metal Co. Inc. v. United States Envtl. Protection Agency*, 774 F. 2d 1008, 1013 (10th Cir. 1985) ( holding no prejudice where the plaintiff was permitted to amend misdated violations in complaint because the defendant knew the real dates of the violations); *Metropolitan Paving Co. v. International Union of Operating Engrs.*, 439 F. 2d 300, 306 (10th Cir. 1971) (holding no abuse in discretion in permitting the plaintiff to add three corporate defendants where it was clear from the outset that they were the real parties in interest).  In this case, Plaintiff seeks money due it under a construction subcontract.  It is reasonable to infer that Defendants would be aware of the potential for additional damages which would occur from the continuing lateness of payment.  Admittedly, Plaintiff's proposed amendment may require additional discovery for Defendants.  However, there is invariably some practical prejudice resulting from an amendment, and this is not the test for refusal of an amendment.  *See Patton v. Guyer,* 443 F. 2d 79, 86 (10th Cir. 1971).  In the present case, the motion to amend was brought several months before trial, and injustice is more likely to occur if the motion is denied than if it is granted.

**IV.**     **Conclusion**

Based on the foregoing, the Court finds no justification for the denial of Plaintiff's Motion to Amend the Complaint.  Defendants have failed to show that the proposed amendment is untimely or that it would result in undue prejudice.  Therefore, Plaintiff's motion will be granted.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend the Complaint, filed July 25, 2000 *(Doc. 15)*, is **granted**.

IT IS FURTHER ORDERED that Plaintiff has ten days within which to file its Amended Complaint for Breach of Contract and on Payment Bond.

DATED this 22nd day of  September 2000.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

David P. Gorman
Timothy M. Sheehan
Sheehan, Sheehan & Stelzner, P.A.
Albuquerque, New Mexico

Counsel for Defendants:

Leonard J. DeLayo, Jr.
Leonard J. DeLayo, Jr., P.C.
Albuquerque, New Mexico