# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
for the use and benefit of CORTEZ
III SERVICE CORPORATION, a
New Mexico Corporation,

      Plaintiff,

vs.                                                       CIV No. 00-0133 JC/KBM

PMR CONSTRUCTION SERVICES, INC.,
a New Mexico Corporation, and CAPITOL
INDEMNITY CORPORATION, a
Wisconsin corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Exclude Expert Testimony (Pl's Motion), filed January 2, 2002 (*Doc. 70*). Having reviewed the motion, the memoranda and all relevant authorities, the Court finds Plaintiff's motion not well taken and is thus denied.

## I. Discussion

Pursuant to the Amended Initial Pretrial Report, the court directed the Defendants to submit all expert reports in accordance with FED. R. CIV. P. 26(a)(2)(B) no later than October 20, 2001. Defendant, PMR, failed to fully comply with the rule's disclosure requirements regarding its principal expert, Gerald Kardas, as it did not include in the expert report the witness' qualifications, any publications he has authored, his compensation, or a listing of other cases in which he has testified as

an expert at trial or by deposition within the preceding four years. *See* Plaintiffs, Cortez III Service Corporation's Memorandum in Support of its Motion to Exclude Expert Testimony, filed January 25, 2002, 2 (*Doc. 71*). Due to this error, Plaintiff contends that Mr. Kardas should be excluded as a witness pursuant to FED. R. CIV. P. 37(c)(1).

As Plaintiff acknowledges, the determination of a FED. R. CIV. P. 26(a) violation is within the sound discretion of this Court. *See Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.,* 170 F.3d 985, 992 (10th Cir. 1999). Assuming there was some failure on Defendant's part under FED. R. CIV. P. 37(c)(1), a party that fails to make initial disclosures without "substantial justification" cannot use the expert at trial unless the failure is "harmless." To guide the Court in such a determination are four factors: (1) the prejudice and surprise to Plaintiff's case; (2) the ability of Plaintiff to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the Defendant's bad faith or willfulness. *See id.* at 993.

As the trial is not scheduled until August 12, 2002, Plaintiff cannot justifiably claim prejudice and surprise; nor can he assert that Mr. Kardas' testimony would disrupt the trial for the same reason. Furthermore, the information that is lacking from the expert report is readily curable by the Plaintiff in its deposition of the witness.[1] Finally, Plaintiff's brief is devoid of any bad faith showing or willfulness on Defendant's part.

---

[1] Plaintiff asserts that having to depose the witness to discover the missing information would force Plaintiff to spend its own time and resources on something that should have been provided initially by Defendant. *See* Use Plaintiff Cortez III Corporation's Reply to Defendant's Response to Motion to Exclude Expert Testimony, filed January 25, 2002, 4 (*Doc. 73*). While this statement is true, because Mr. Kardas is Defendant's principal witness, Plaintiff arguably will have to extensively depose him anyway. Such further questioning, therefore, will not greatly impair Plaintiff.

2

Curiously, Plaintiff's primary argument is based on a strict and extremely narrow reading of FED. R. CIV. P. 37(c)(1). Yet, in the case law to which it cites, Plaintiff obviously takes a very broad reading, as it fails to discern the blatantly differing fact situations. In *Salgado v. General Motors Corp.*, 150 F.3d 735, 737 (7th Cir. 1998), the court concluded that plaintiff's failure to file an expert witness report was not harmless error. The court reached this conclusion, however, as it had previously granted plaintiff two extensions and only dismissed the case after giving her a specific warning that if she missed the next deadline, her case would be so dismissed. *See id.* In the present case, no extensions nor warnings have been issued; Defendant's only error is in missing the first deadline. Moreover, since Plaintiff has already begun deposing Mr. Kardas, there is no reason why it already could not have obtained the missing information.

## II. Conclusion

Plaintiff fails to demonstrate that Defendant's failure to produce a complete expert witness report by the set deadline is anything but harmless error. As such, Plaintiff's Motion to Exclude Expert Testimony is not well taken. The Court gives Defendant seven (7) calendar days from the date of filing to produce a completed expert witness report.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Exclude Expert Testimony, filed January 25, 2002 (*Doc. 70*) is **DENIED**.

DATED March 19, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    David P.Gorman, Esq.
    Albuquerque, New Mexico

Attorney for Defendants:

    Leonard J. DeLayo, Jr. Esq.
    Albuquerque, New Mexico

    Robert J. Mroz, Esq.
    Madison, Harbour, Mroz & Brennan, P.A.
    Albuquerque, New Mexico

    Kevin M. Sexton, Esq.
    Sturges & Houston, P.C.
    Albuquerque, New Mexico